UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY R. PRATT,<br><br>     Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, RANDY VALLEY, KASEY HALMS, KARA BAYER, HEATHER CROSSLY, PATRICK JONES, RONA SIEGERT, CENTURION MEDICAL CORP., and JOHN AND JANE DOES 1-6,<br><br>     Defendants. | Case No. 1:23-cv-00312-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

This case was recently reassigned to this Court for adjudication. The Complaint of Plaintiff Timothy R. Pratt was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1). A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff may proceed in a limited manner.

**REVIEW OF COMPLAINT**

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners from infliction of cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing:  the plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

 The second component is a subjective showing:  that the defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. To show deliberate indifference, a prisoner must show that a prison official was aware of and recklessly disregarded an excessive risk to an inmate's health or safety, which means

drawing the inference from the factual circumstances that a substantial risk of harm exists, and yet ignoring it. *See id.* at 837-38.

## 2. Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He asserts he was not provided with sufficient medical care for a hernia and a painful growth on his foot. He details the numerous written complaints he made to prison medical staff and medical supervisors regarding the lack of care. (Dkt. 3, pp. 6-11).

He first began having abdominal and back pain in late 2020; he was diagnosed with a severe hernia. (*Id.*, p. 3). He had an initial hernia surgery in June 2021. He continued to have pain, which he thought would resolve a few weeks after surgery. It did not. Finally, on October 25, 2022, after more than a year of written concern forms, health services request forms, and grievances, Plaintiff had a second corrective surgery. (*Id.*, p. 12). He seeks monetary damages for his pain and suffering during the time Defendants ignored his serious need for the corrective surgery and failed to provide him with pain medication or a hernia belt. (*Id.*, pp. 13-14).

Plaintiff alleges that the painful growth on his foot caused him to walk with a limp or completely stay off his feet to avoid exacerbation of the pain. (*Id.*, p. 6). Plaintiff requested treatment and foot surgery but received no pain medication or other treatment from medical providers. (*See id.*, pp. 9-10). He does not state whether this condition was resolved, and he does not seek injunctive relief (an order to require Defendants to act) in his Complaint.

## 3. Discussion of § 1983 Claims

### A. *Claims Against Centurion*

Plaintiff asserts that the prison medical contractor, Centurion Medical Corp. (proper name, "Centurion of Idaho, LLC"), has a policy or custom of denying inmates medical care such as necessary hernia surgery, for the purpose of saving money and increasing profits. (Dkt. 3, p. 11).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following:  (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs*., 237 F.3d 1101, 1110-11 (9th Cir. 2001).   All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Centurion. He has alleged only that Centurion "has an unwritten policy to deny or delay medical treatment to save money, as it is a medical for profit company." (Dkt. 3, p. 11). Without more, Plaintiff's allegations tend to show only that Centurion, like any other similar health care business, encourages its medical providers to try conservative treatment methods before ordering more expensive and invasive methods. This method is the same means of resource management (cutting costs and maximizing profits) that insurance companies in the health care industry use; without a theory and practice of careful resource management, there would be no health insurance companies.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Individuals in regular society generally are required to demonstrate that they have tried conservative treatments before doctors prescribe, and insurance companies pay for, more expensive and invasive treatments. There is no reason prison medical companies should not be able to do the same, so long as they stay within the bounds of the Eighth Amendment. Plaintiff's current allegations are insufficient to show that Centurion regularly requires its providers to forgo prescribing *necessary* treatment that it considers too costly.

An official's wrongful act or omission does not mean that the entity has a policy requiring that act or omission. The official's action might be *consistent* with such a policy, but mere consistency is not enough to state a claim under § 1983. *Twombly*, 550 U.S. at 557 (holding that where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'"). Plaintiff has not alleged facts raising a plausible inference that any lack of treatment was caused by Centurion policy, rather than individual error or independent decisionmaking based on a provider's educational training and work experience.

Plaintiff must wait until after the disclosure and discovery period to determine whether he has discovered sufficient facts to support a policy-based claim against Centurion. He can formally ask Defendants through interrogatories whether any policies, including decisions to understaff the medical unit, played a role in his personal medical care. If he discovers such facts, he may file an amended complaint within the designated deadline.

### B. Claims Against Individuals in Their Official Capacities

Plaintiff requests monetary damages from all Defendants in their individual and official capacities. An "official capacity" claim applies only to a true state actor, such as Rona Siegert, who works for the IDOC. A claim against a state actor in an "official capacity" is considered a claim against the state, and the Eleventh Amendment's sovereign immunity bar applies. *See*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims for money damages against states and state actors in their official capacity are prohibited by Eleventh Amendment immunity. *See Hafer v. Malo*, 502 U.S. 21, 26 (1991).

Only claims for prospective injunctive relief against state officials are actionable as "official capacity" claims. *See Ex Parte Young*, 209 U.S. 123, 157-58 (1908). Plaintiff does not request injunctive relief here; therefore, Plaintiff may not proceed against Siegert in her official capacity, because his monetary damages claims against the state are barred by the Eleventh Amendment.

Plaintiff's "official capacity" claims against employees of Centurion are not cognizable. *See Kreis v. Northampton Cnty. Prison*, No. 21-cv-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (citing *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012)). Centurion is a private entity performing a public function that can be sued under § 1983 only under a *Monell* policy-based theory; *Monell* prohibits application of a respondeat superior theory (meaning that an employer is liable for an employee's acts just because of the employer-employee relationship). *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Monell*, 436 U.S. at 691, and *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).[1] Here, Plaintiff cannot proceed against any of the Corizon employees in an "official capacity."

---

[1] In *Brown*, the Court explained:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

520 U.S. at 404.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

### C.  Claims Against Prison Supervisory Defendants

Plaintiff alleges that the IDOC has a policy of understaffing the medical unit. He asserts that Defendant IDOC Director Josh Tewalt is a policymaker, and Defendant Warden Randy Valley implements the policies. (Dkt. 3, p. 11). Plaintiff asserts that he sent a concern form about his medical issues to Valley, but he never responded. (*Id.*, p. 10).

Here, too, a "respondeat superior" theory of liability cannot be applied to supervisors for the wrongs of persons they supervise. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under § 1983). Rather,  supervisors can be held liable under § 1983 if (1) they had "personal involvement in the constitutional deprivation," or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation and punctuation omitted).

Allegations sufficient to show a causal connection between a supervisor and a constitutional violation include:  (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1207-08 (citation omitted and punctuation altered).

Plaintiff has stated insufficient facts showing that these non-medical supervisory defendants made applicable policies, knew of the violations at the time of their occurrence, or actually were involved in the alleged civil rights violations in the Complaint. A supervisor cannot be held liable for an employee's actions simply because a plaintiff sent the supervisor a concern form or grievance, without any facts showing the supervisor received the concern form or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

grievance. In large organizations, it is very common for lower-ranking employees to screen and route mail to mid-level supervisors even if it is addressed to high-ranking officials.

Plaintiff has not provided sufficient facts showing that there was a medical staffing shortage in the medical unit, that the IDOC non-medical supervisors were aware of it, that the IDOC non-medical supervisors did not adequately act to take steps within his authority to correct it, and that Plaintiff's injuries were caused by a medical staffing shortage. This is another claim that Plaintiff may probe during disclosure and discovery and bring in an amended complaint if facts are exposed that support this cause of action. Plaintiff will not be permitted to proceed against the IDOC director or warden on his current allegations.

### D.  Claims Against Medical Supervisory Defendants

Plaintiff asserts that, after he sent numerous kites, health services requests, and grievances, Defendant medical supervisors Holms, Boyer, Jones, and Siegert failed to take any corrective action as supervisors to ensure that he received adequate, competent, timely care for his serious health conditions. (Dkt. 3, p. 11). These allegations, liberally construed, meet the standard for supervisory liability set forth above. Plaintiff will be permitted to proceed against Holms, Boyer, and Jones, medical supervisors for Centurion; and Rona Siegert, a medical supervisor for the IDOC.

### E.  Claims Against Unidentified Defendants

Plaintiff brings vague and implausible claims against Jane or John Doe Defendants, identified only as state actors. In addition, the Clerk of Court cannot serve "John and Jane Doe" Defendants with formal service of process. Plaintiff may amend his pleadings to state their real names, provide adequate factual allegations regarding their personal participation in Plaintiff's injuries, and request service of process when he determines this information.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

### F. *Claims Against Individual Medical Providers*

Plaintiff asserts that Nurse Practitioner Heather Crossly personally participated in his medical treatment for the serious medical conditions listed above, and did so in a deliberately indifferent manner, ignoring Plaintiff's complaints of pain and the need for a corrective hernia surgery, and additional foot care and surgery. The long string of written requests for medical treatment in the Complaint provides an adequate basis for an Eighth Amendment deliberate indifference claim. Plaintiff may proceed against Nurse Crossly in her individual capacity.

Plaintiff may proceed only as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on the following claims:  Eighth Amendment deliberate indifference claims against **Kasey Holmes, Kara Bayer, Heather Crossly, Patrick Jones** and **Rona Siegert** in their individual capacities. All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended.).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

   a. **Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Correction, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendant **Rona Siegert**; and

   b. **Aynsley Harrow Mull**, Associate General Counsel for Centurion, at Ms. Mull's email address on file with the Court, on behalf of the Centurion Defendants **Kasey Holmes, Kara Bayer, Heather Crossly, and Patrick Jones**.

3. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional ninety days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7. Dispositive motions must be filed no later than 300 days after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

14. Plaintiff's Motion for Copies of All Filings in this Case (Dkt. 5) is GRANTED, to the extent that the Clerk of Court will send him a copy of his Complaint (Dkt. 3).

DATED: December 12, 2023

Amanda K. Brailsford
U.S. District Court Judge